UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MEGAN COSTA DEVAULT,

    Plaintiff,

v.                                                          Case No:   6:15-cv-135-Orl-37TBS

HOLLY ISDALE,

    Defendant.

## ORDER

### I. Background

Plaintiff Megan Costa DeVault filed this action against Defendant Holly Isdale in the Circuit Court for the Ninth Judicial Circuit in and for Orange County, Florida, alleging breach of contract and fiduciary duty, legal malpractice, and professional negligence (Doc. 2).   Defendant is a licensed attorney and financial planner who represented Plaintiff and her former husband, Nathan DeVault, in an estate planning and financial review program called the "Estate Review Program."   Plaintiff alleges that Defendant represented Nathan DeVault in the divorce proceedings, took positions adverse to Plaintiff and that conflicted with Defendant's prior advice to Plaintiff, and wrongly disclosed Plaintiff's confidential information to Bush Brothers & Company ("Bush Brothers").   Nathan DeVault and Plaintiff's children are shareholders of Bush Brothers, which is primarily a family-owned company.   Defendant removed the action to this Court on the basis of diversity jurisdiction (Doc. 1).

On March 12, 2015, the Court entered a case management and scheduling order requiring, *inter alia*, that discovery be completed by November 2, 2015 (Doc. 18).

Plaintiff served her First Request for Production of Documents and First Set of Interrogatories on March 27, 2015 (Doc. 37, ¶ 4).  She sought information relating to the nature of Defendant's relationship with Nathan DeVault, Defendant's involvement in the divorce proceedings, and Defendant's involvement with Plaintiff's daughters' trusts and Bush Brothers (Id. at ¶ 5).  Because Defendant "frequently interacted with Bush Brothers management, shareholders, and family members, [Plaintiff] requested the production of [Defendant's] communications with the same, which specifically related to [Plaintiff,] [Nathan DeVault,] and/or their minor children."  (Id.).  The parties could not agree on search terms and parameters to enable the identification of relevant emails, so Plaintiff filed a motion to compel on July 20, 2015 (Doc. 20).  A hearing was held on August 28, 2015, and Plaintiff's motion was granted in part and denied in part (Doc. 30).  Defendant was ordered to "run the search terms proposed by Plaintiff for all five (5) email accounts in question and produce all responsive emails [by September 11, 2015]."  (Id.).  Upon joint motion (Doc. 31), Defendant was granted through September 18, 2015 to run the search terms proposed by Plaintiff for the five email accounts."  (Doc. 32).  Plaintiff's proposed search terms include "Nankivell," "Elizabeth Wilson," "Marina Nice," "Richard Hurt," "Keersten Martinez," "Hollee Kier," "Bill Seale," "Tony Wilson," "Kathy Keil," "John Foster," "Jim Ethier," "Becca Tiller," and "Amy Counts."

    The case comes before the Court on the Motion to Intervene for Limited Purpose and Incorporated Memorandum of Law filed on September 17, 2015, by Bush Brothers, Elizabeth N. Wilson, Anthony G. Wilson, Jean Bush Nankivell, Kathleen N. Keil, Rebecca N. Tiller, James B. Ethier, William R. Seale, and Amy Counts (collectively "Proposed Intervenors") (Doc. 33).  Proposed Intervenors seek to intervene pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure for the limited purpose of

> (1) seeking an extension of the time for Defendant, Holly Isdale (hereinafter "Isdale") to comply with the Court's Orders dated August 28, 2015 (Doc. 30) and September 2, 2015 (Doc. 32) so that Intervenors may have the opportunity to review the production contemplated therein for the purpose of protecting confidential personal and business information unrelated to the underlying dispute; and (2) filing any necessary motions, including a motion for protective order, if needed, to the extent that such a motion is warranted based on Intervenors' review of the pending production.

(Doc. 33, p. 1).  Plaintiff opposes the motion on the basis that it is untimely; she does not seek the information claimed to be private, privileged, and/or confidential; and the Proposed Intervenors' interests can be adequately protected by the parties keeping Defendant's document production confidential (Doc. 37).  For the reasons that follow, the motion to intervene is due to be granted.

## II. Standard

Rule 24(a) of the Federal Rules of Civil Procedure governing intervention of right provides:

> On timely motion, the court must permit anyone to intervene who:
>
> ...
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2).  The United States Court of Appeals for the Eleventh Circuit

> has interpreted this rule to require a party seeking intervention of right to demonstrate that: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit."

Stone v. First Union Corp., 371 F.3d 1305, 1308-09 (11th Cir. 2004) (quoting Worlds v. Dep't of Health & Rehab. Servs., 929 F.2d 591, 593 (11th Cir. 1991)).

Rule 24(b) governs permissive intervention, providing in part: "On timely motion, the court may permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). The decision to permit intervention under Rule 24(b) falls within the sound discretion of the trial court. Worlds, 929 F.2d at 595. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3).

Regardless of whether a party seeks to intervene under Rule 24(a) or Rule 24(b), the motion to intervene must be timely. NAACP v. New York, 413 U.S. 345, 365 (1973) (if a motion to intervene "is untimely, intervention must be denied").

### III. Discussion

Proposed Intervenors seek intervention under Rules 24(a) and 24(b) for the limited purpose of protecting their confidential personal and business information that is unrelated to the parties' underlying dispute. Because timeliness is a threshold issue for intervention as of right and permissive intervention, the Court must first determine whether the motion is timely. Angel Flight of Ga., Inc. v. Angel Flight Am., Inc., 272 F. App'x 817, 819 (11th Cir. 2008); Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989). Courts consider four factors in determining the timeless of a motion to intervene:

> (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

United States v. Jefferson Cnty., 720 F.2d 1511, 1516 (11th Cir. 1983).  See also Angel Flight of Ga., Inc., 272 F. App'x at 819.  "'[T]imeliness is not a word of exactitude or of precisely measurable dimensions.  The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice.'"  Chiles, 865 F.2d at 1213 (quoting McDonald v. E.J. Lavino Co., 430 F.2d 1065, 1074 (5th Cir. 1970)).

Proposed Intervenors argue that they "only just learned of the impending production of their sensitive personal financial information on September 4, 2015."  (Doc. 33, p. 5).  They then "immediately retained local counsel," "regularly communicated with counsel for DeVault and Isdale," and filed their motion to intervene within two weeks of learning of the impending production (Id.).  Plaintiff argues that "Bush Brothers did not 'just' learn of the instant production issues with respect to their company or shareholders." (Doc. 37, p. 6).  Plaintiff maintains that Bush Brothers has been on notice of her discovery requests for at least four months.  She contends that Proposed Intervenors' confidential information is not relevant to this case and that their interests can be protected by Plaintiff returning and deleting any confidential information that is produced. Plaintiff also argues that she will be prejudiced by delays in discovery if intervention is permitted (Id. at pp. 4-6).

The Court finds that the motion to intervene is timely.  Plaintiff sent a letter to Bush Brothers on May 20, 2015, requiring the preservation of electronically stored information related to this action (Id. at Exhibit B).  But, Plaintiff's litigation hold did not provide any details about the action or Plaintiff's discovery requests.  Plaintiff provided that information, along with a copy of the complaint, answer, and Plaintiff's discovery requests, to Bush Brothers' general counsel on June 15, 2015 (Id. at ¶ 8, Exhibit D).

Plaintiff also sent a copy of the July 20, 2015 motion to compel to Bush Brothers' general counsel on July 21, 2015 (Id. at ¶ 9, Exhibit E).  Bush Brothers knew, or should have known, by at least July 21, 2015, that Defendant's responses to Plaintiff's discovery requests could include Proposed Intervenors' confidential information.  But, it was not apparent to Proposed Intervenors that Defendant would actually produce the information until September 4, 2015, when they were made aware of the Court's order on Plaintiff's motion to compel.  Proposed Intervenors then immediately sought local counsel and filed the motion to intervene within two weeks.

The motion to intervene was filed before the deadline for Defendant's production and thus, any prejudice resulting to Plaintiff from the perceived delay is minimal.  Conversely, the Proposed Intervenors will be prejudiced if their motion is denied.  Because Bush Brothers is primarily a family owned business, Proposed Intervenors participated in Defendant's "Estate Review Program," and Defendant allegedly shared private information with Bush Brothers, Defendant's production of emails containing the Proposed Intervenors' names may contain their confidential business information and personal financial information.  Proposed Intervenors should have a chance to review the production to protect their confidential information.

Plaintiff argues that Proposed Intervenors do not have an interest in the subject matter of the action.  She says her "contract with the defendant is the 'subject of the action' and Bush Brothers' interest in 'confidential information' does not touch and concern on the merits of the action."  (Doc. 37, p. 7).  "[A] party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable."  Georgia v. U.S. Army Corps of Eng'rs, 302 F.3d 1242, 1249 (11th Cir. 2002).  "'[T]he intervenor must be at least a real party in interest in

the transaction which is the subject of the proceeding.'" Worlds, 929 F.2d at 594 (quoting Athens Lumber Co., Inc. v. Fed. Election Comm'n, 690 F.2d 1364, 1366 (11th Cir. 1982)). The "interest need not, however, 'be of a legal nature identical to that of the claims asserted in the main action.'" Chiles, 865 F.2d at 1214 (quoting Diaz v. S. Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1970)). Inquiry on this issue "is a flexible one, which focuses on the particular facts and circumstances surrounding each [motion for intervention]." Id. (alteration in original; quotations omitted).

Proposed Intervenors seek to protect the privacy of their personal, confidential information which may be included in Defendant's Court ordered production to Plaintiff. This is sufficient to support a finding that the Proposed Intervenors have a direct, substantial, protectable interest in the action. See Winemiller ex rel. T.W. v. Judd, No. 8:13-CV-2995-T-17EAJ, 2015 WL 3901623, at *5 (M.D. Fla. June 24, 2015) ("Furthermore, as Proposed Intervenors seek to intervene only for the limited purposes of protecting the disclosure of their full names and their right to counsel at depositions, their interests are related to the action.") (citing Dow Jones & Co. v. U.S. Dep't of Justice, 161 F.R.D. 247, 253 (S.D.N.Y.1995) (finding that widow of individual who committed suicide had an interest in an action where she moved to intervene to appeal court order enjoining Department of Justice from withholding copies of her husband's suicide note)).

Proposed Intervenors' interest arises, at least in part, from the same transaction that gave rise to Plaintiff's claims, i.e., the alleged dissemination of private personal information in the context of Defendant's provision of estate planning services to Bush Brothers' shareholders and employees.

The Court is not persuaded that Proposed Intervenors' interests will be sufficiently protected by agreement of the parties to keep confidential and/or return Proposed

Intervenors' confidential information. The parties may not appreciate the confidential nature of the Proposed Intervenor's information, and their interests may not be adequately represented by the parties. The Proposed Intervenors should also not have to rely on the assurances of the parties to protect their privacy interests. Absent intervention, the Proposed Intervenors will have not have a sufficient way of protecting their private information from disclosure. Lastly, any prejudice to the parties resulting from the intervention can be minimized by limiting the time Proposed Intervenors have to review Defendant's production.

Based on the foregoing, the Court concludes that Proposed Intervenors should be permitted to intervene in this matter for the limited purpose of reviewing Defendant's discovery production ordered on August 28, 2015, for the purpose of protecting confidential personal and business information that is not relevant to Plaintiff's claims. The Motion to Intervene for Limited Purpose (Doc. 33) is therefore **GRANTED**. Proposed Intervenors have until October 23, 2015, to review Defendant's production for confidential information and file any necessary motions for protection against the disclosure of their information.

**DONE** and **ORDERED** in Orlando, Florida on October 8, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record