**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

MEGAN COSTA DEVAULT,

    Plaintiff,

v.                                               Case No. 6:15-cv-135-Orl-37TBS

HOLLY ISDALE,

    Defendant.
_____

**ORDER**

This cause is before the Court on

1. Defendant's *Daubert* Motion to Exclude Expert Testimony of Lauren Detzel and Incorporated Memorandum of Law (Doc. 53), filed December 31, 2015; and

2. Plaintiff's *Daubert* Motion to Exclude Opinion Testimony of Mayanne Downs, Esq. and to Strike Expert Report and 3.01(g) Certificate (Doc. 55), filed December 31, 2015.

This action is currently scheduled for a bench trial during the Court's May 2016 trial term. (*See* Doc. 18.) The parties both move for exclusion of expert witness testimony based on the standards articulated in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 589 (1993) and *Kumho Tire Company v. Carmichael*, 526 U.S. 137 (1999). (*See* Docs. 53, 55 ("**the Motions**").) Specifically, Defendant moves to exclude the testimony of Plaintiff's expert, Lauren Detzel ("**Detzel**") (Doc. 53), and Plaintiff moves to

exclude the testimony of Defendant's expert, Mayanne Downs (together with Detzel, "**Experts**") (Doc. 55).

Ordinarily, district courts are tasked with a gatekeeping role, whereby they ensure that juries only hear expert opinions—from qualified experts—that are both reliable and helpful to the jury. *See City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). The Court's gatekeeping role is not implicated where, as here, the case is scheduled for a non-jury trial. *See N.W.B. Imports & Exports Inc. v. Eiras*, No. 3:03-cv-1071-J-32MMH, 2005 WL 5960920, at *1 (M.D. Fla. Mar. 22, 2005); *see also id.* n.1 (collecting cases); *see also One Hour Air Conditioning Franchising, LLC v. Dallas Unique Indoor Comfort, Ltd.*, No. 8:13-cv-3278-T-30JSS, 2015 WL 5316866, at *3 (M.D. Fla. Sept. 11, 2015) ("[T]here is no need for this Court to be its own gatekeeper."). Thus, the Motions are due to be denied without prejudice.

The Court will receive the Experts' testimony at trial. *See Eiras*, 2005 WL 5960920, at *1. The parties may raise objections as to the relevancy, reliability, or helpfulness of the Experts' testimony if and when appropriate during trial; at that time, the Court will "make a final admissibility decision[,] and, if admissible, accord [such testimony] the weight, if any, it deserves." *Eiras*, 2005 WL 5960920, at *1; *see also One Hour Air Conditioning Franchising, LLC*, 2015 WL 5316866, at *3.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 10, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record